959 F.2d 231
 38 Cont.Cas.Fed. (CCH) P 76,329
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PRICELESS SALES AND SERVICE, INCORPORATED,Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 91-2550.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 7, 1992
Decided: April 1, 1992
 
 ARGUED: Bruce Elliot Kauffman, KAUFFMAN & FORMAN, P.A., Towson, Maryland, for Appellant.
 Geoffrey Robert Garinther, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 ON BRIEF: Jeffrey L. Forman, KAUFFMAN & FORMAN, P.A., Towson, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Baltimore, Maryland, for Appellee.
 Before RUSSELL, HALL, and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Priceless Sales and Service, Inc. (Priceless), a subcontractor on a Federal Highway Administration (FHA) construction project, brought suit against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (FTCA), to recover from the Government the $95,244.04 in losses it sustained when Jennings International Corporation (Jennings), the now-bankrupt general contractor for the project, failed to pay Priceless for the materials and labor Priceless supplied for the project. Priceless sought to recover these losses from the United States on the ground that federal contracting officers acted negligently in approving two individuals as sureties for the payment bond that Jennings was required by law to provide, and that the Government was therefore liable to Priceless for its losses when Jennings failed to pay and both the payment bond and the sureties supporting it proved to be essentially worthless. After a bench trial, the district court ruled that the federal contracting officers in question were performing a discretionary function when they determined the acceptability of the individual sureties, and consequently, the Government was not subject to suit under the FTCA, even if the federal contracting officers performed this discretionary function negligently. We agree and affirm.
 
 
 2
 * In 1988, Jennings was awarded a $5,000,000 construction contract by the FHA for the making of improvements to the Suitland Parkway, a federal highway located in Prince George's County, Maryland. Pursuant to the Miller Act, 40 U.S.C. § 270a,[1] Jennings, as general contractor for the project, was required to provide the Government with a $2,500,000 payment bond for the protection of subcontractors furnishing labor and materials for the project. In addition, Jennings was required by government regulation[2] to provide two sureties, either corporate or individual, each of whose net worth would equal or exceed the penal amount of the bond. The sureties were required to submit affidavits attesting to their present assets, liabilities, and net worth, and supported by certificates of sufficiency.[3] Jennings had John B. Rich and Emmett Harper submit to the FHA the affidavits of surety required to execute the payment bond. The affidavits showed that the principal assets of both Rich and Harper consisted of their interests in the Tennessee Land & Development Corporation (TLDC), which purportedly owned large tracts of land in Tennessee. Rich's affidavit stated that he owned 699,500 shares of stock in TLDC, valued at $52,000,000, and Harper's affidavit stated that he owned 116,000 shares of stock in TLDC, valued at $8,630,400. Raul J. Corpion, president of Crown Savings and Trust, Dallas, Texas, signed certificates of sufficiency for both Rich and Harper.
 
 
 3
 Peggy DeWeese, the FHA contracting officer assigned to make the initial determination of the acceptability of Rich and Harper as sureties for the Jennings payment bond, stated at trial that the FHA decided to investigate the value of the sureties' stock in TLDC because if verified, it in itself would substantially exceed the penal amount of the payment bond. In the course of her investigation, DeWeese contacted Raul Corpion, the bank officer who had executed the certificates of sufficiency, and learned from him that he had no personal knowledge of the value of the TLDC stock, but relied instead upon representations made by the sureties themselves. It was then that DeWeese and her superiors decided to obtain from Rich and Harper additional documentation of their net worth, particularly with reference to their ownership of the TLDC stock and the value of the stock itself. The FHA requested and the sureties provided copies of representative stock certificates, a log of stock issuance, a balance sheet of the corporation, various deeds covering real estate held by TLDC, and a real estate appraisal. Although there were discrepancies in the documentation-the affidavit figures for the value of the TLDC stock were lower than the TLDC balance sheet figures, the real estate appraisal indicated some 100,000 fewer acres than the deeds purported to transfer to TLDC, and some of the deeds indicated that the fair market value of the land as only $10,000-DeWeese and her superiors concluded from the documentation that the proposed sureties were acceptable. Their determination was then reviewed by the Contract Review Board of the FHA, which concurred that Harper and Rich were acceptable sureties. As it turned out, however, the assets pledged by Harper and Rich were essentially worthless, and as a result, with Jenning now in bankruptcy, Priceless has not been paid for the labor and materials it supplied for the Suitland Parkway project.
 
 II
 
 4
 Congress has provided that the provisions of the FTCA "shall not apply to ... [a]ny claim ... based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). In United States v. Gaubert, 111 S. Ct. 1267 (1991), the Supreme Court held that an FTCA action could not be brought against the Government seeking recovery of losses resulting from decisions made by officials of the Federal Home Loan Bank Board in operating a failing thrift institution. "Day-to-day management of banking affairs," the Court concluded, "like the management of other businesses, regularly requires judgment as to which of a range of permissible courses is the wisest." Id. at 1275. Similarly, in its day-to-day operations, the FHA exercises judgment in considering the acceptability of sureties for bonds covering federal highway projects. While the FHA contracting officers charged with this task are required by 48 C.F.R. § 28.202-2 to "determine the acceptability" of the individual sureties, nothing in the regulation specifies what steps these officers must take in doing so.[4] Consequently, the determination of acceptability is wholly within the discretion of the contracting officers, and they may go about this discretionary function as they, in their judgment, consider appropriate.
 
 
 5
 At their discretion, then, the contracting officers in the present case requested additional information from the sureties, evaluated this information, and made the decision that the sureties were acceptable. Priceless claims, however, that once it was learned that Corpion, the bank officer, did not have personal knowledge of the value of the sureties' assets, the FHA was required to reject the sureties, but Priceless can point to no nondiscretionary duty or function that the FHA violated-that is, no regulation requiring the FHA, under these circumstances, to reject Harper and Rich as sureties. Moreover, once it was learned that Corpion lacked personal knowledge of the value of the sureties' assets, the FHA undertook its own investigation. What additional information the FHA sought and how the FHA chose to evaluate this information was wholly within the discretion of the FHA, since there is no requirement that the FHA investigate persons proposed as a sureties. And to the extent that the FHA may have been negligent in carrying out its discretionary function of accepting Harper and Rich as sureties, the negligent performance of a discretionary function does not subject the Government to liability under the FTCA. Red Lake Band of Chippewa Indians v. United States, 800 F.2d 1187, 1194 (D.C. Cir. 1986).
 
 
 6
 We conclude, therefore, that the FHA contracting officers here were exercising their discretion when they approved Rich and Harper as individual sureties under the required payment bond. The district court therefore properly held that this action is barred by the discretionary function exception to the Federal Tort Claims Act set forth in 28 U.S.C. § 2680(a).
 
 AFFIRMED
 
 
 [1]
 40 U.S.C. § 270a provides:
 Before any contract, exceeding $25,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States ... [a] payment bond with a surety or sureties satisfactory to [the officer awarding the contract] for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person.... Whenever the total amount payable by the terms of the contract shall be more than $5,000,000 the said payment bond shall be in the sum of $2,500,000.
 
 
 [2]
 The applicable regulation, 48 C.F.R. § 28.202-2, provides:
 (a) Individual sureties are acceptable for all types of bonds except position schedule bonds. The contracting officer shall determine the acceptability of individuals proposed as sureties. At least two individual sureties must execute the bond and the net worth of each individual must equal or exceed the penal amount of the bond. Contracting officers shall consider the number and amounts of other bonds upon which a proposed individual surety is bound, and the
 status of the contracts for which such bonds were furnished, in determining the acceptability of the individual surety....
 (b) Each individual surety shall execute Standard Form 28. The information provided is helpful in determining the net worth of proposed individual sureties.
 
 
 [3]
 "The certificates of sufficiency shall be signed by an officer of a bank or trust company, a judge or clerk of a court of record, a United States district attorney or commissioner, a postmaster, a collector or deputy collector of internal revenue, or any other officer of the United States acceptable to the department or establishment concerned." Standard Form 28 (Affidavit of Individual Surety). The person signing the certificate of sufficiency certifies that "the surety named herein is personally known to me; that, in my judgment, said surety is responsible, and qualified to act as such; and that, to the best of my knowledge, the facts stated by said surety in the foregoing affidavit are true." Id
 
 
 [4]
 Except that contracting officers"shall consider the number and amounts of other bonds upon which a proposed individual surety is bound, and the status of the contracts for which such bonds were furnished, in determining the acceptability of the individual surety." 48 C.F.R. § 28.202-2(a). This requirement is not at issue in the present case